MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:     2017 ME 236
Docket:       Pen-17-301
Submitted
 On Briefs:  November 29, 2017
Decided:      December 19, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

IN RE ADDILYN R.

PER CURIAM

[¶1]  The mother of Addilyn R. appeals from a judgment of the District Court (Bangor, *Campbell, J.*) terminating her parental rights to Addilyn pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i)-(ii) (2016).  On appeal, she challenges the sufficiency of the evidence to support both the court's finding of parental unfitness and its finding that termination is in the child's best interest.  Because competent record evidence supports the court's findings, we affirm the judgment.

I.  BACKGROUND

[¶2]  To support its findings of unfitness and that termination was in the child's best interest, the court made the following specific findings of fact, which are supported by the record:

> Mother was referred to the Family Treatment Drug Court (FTDC) in September of 2016. . . . Mother, however, did not cooperate . . . and was never screened for the program. . . .

Mother has not cooperated with [the Department] regarding drug screens, which the court finds to be very troubling given mother's history of substance abuse. [The Department case manager] testified that since she started on the case in July of 2016, she requested that mother submit to drug screens 23 times. Mother missed 11 times. Of the . . . requests for drug screens in 2017, mother has missed eight.

Mother has an ongoing pattern of drug use. Mother admits to using marijuana regularly. In October of 2016, mother tested positive for cocaine metabolites. In February or March of 2017, father reported to [the Department case manager] that mother was drinking alcohol on a recent trip to Portland. Mother tested positive for benzodiazepines on March 3, 2017, and on March 20, 2017. Since March 20, 2017, [the Department case manager] requested mother to submit to five drug screens. Mother tested positive for marijuana on the two times that she submitted to tests. Mother failed to appear for the other three tests.

. . . .

In this case, mother clearly has a chronic substance abuse problem. . . .

. . . .

. . . There is no doubt that both mother and father love [the child] very much. However, [the child] has been in the custody of [the Department] since June 2, 2016. . . .

. . . .

[The child] has been placed with [the foster parents] since June 2, 2016. [They] are experienced foster parents and have provided excellent care for the child. [The foster mother] has been very attentive to [the child's] medical needs resulting from her asthma. [She] has transported [the child] to her medical

appointments. [The foster parents] have provided a safe and stable home. [The child] is doing well in the [foster parents'] care. . . .

The court has had the benefit of an experienced GAL. The child needs to have permanency, and [the foster parents] are able to provide it for her. [The GAL] believes that it is in the best interest of the child for the parental rights of both mother and father to be terminated, and the court agrees with her assessment.

The court finds by clear and convincing evidence that it is in the best interest of [the child] to have the parental rights of her mother and father terminated. . . .

## II. DISCUSSION

[¶3] The court found the rebuttable presumption contained in 22 M.R.S. § 4055(1-A)(C) (2016) to apply to this case. The rebuttable presumption provides,

The court may presume that the parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs if:

. . . .

**C.** The child has been placed in the legal custody or care of the department, the parent has a chronic substance abuse problem, and the parent's prognosis indicates that the child will not be able to return to the custody of the parent within a reasonable period of time, considering the child's age and the need for a permanent home. The fact that a parent has been unable to provide safe care of a child for a period of 9 months due to substance abuse constitutes a chronic substance abuse problem.

22 M.R.S. § 4055(1-A)(C). Here, the court's supported findings show that the child has been placed in the legal custody or care of the Department, that the mother has a chronic substance abuse problem, and that the mother's prognosis indicates that the child will not be able to return to the mother's custody within a reasonable period of time.

[¶4] We have recently held that the statutory "presumption" of parental unfitness in child protection cases is analogous to a permissive inference in criminal cases, where the fact-finder is entitled to reach a certain conclusion based on a specified factual predicate, but the burden of proof does not shift to the opposing party—here, a parent. *See In re Evelyn A.*, 2017 ME 182, ¶¶ 31-32, 169 A.3d 914. In this case, the court invoked the evidentiary analysis allowed by section 4055(1-A)(C), but the judgment demonstrates that the court treated that statute as the pathway to an inference, and placed the burden of proof entirely on the Department and did not require or expect the mother to meet any evidentiary burden. The court therefore properly applied section 4055(1-A)(C) as the basis to infer that the mother is unwilling or unable to protect the child from jeopardy in a time which is reasonably calculated to meet the child's needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (1-A). Accordingly, the trial court did not err in its finding of unfitness as to

the mother.  *See In re K.M.*, 2015 ME 79, ¶ 9, 118 A.3d 812 ("Where the court finds multiple bases for unfitness, we will affirm if any one of the alternative bases is supported by clear and convincing evidence." (quotation marks omitted)).

[¶5]  Tellingly, the mother was offered the opportunity and resources available through the Family Treatment Drug Court.[1]  Her refusal to participate in that program demonstrates her unwillingness to take the steps necessary to protect her child from jeopardy within a time that meets the child's needs.  Contrary to the mother's argument, there is also sufficient evidence in the record to support the court's finding that termination of the mother's parental rights is in the child's best interest.  *See In re Kayla M.*, 2001 ME 166, ¶ 13, 785 A.2d 330.

The entry is:

> Judgment affirmed.

---

[1]  The Family Treatment Drug Court is described in part on the Judicial Branch's website: "The Family Treatment Drug Court is a specialty docket located in the Maine District Courts that works with those families whose children have been at risk of abuse or neglect due to parental abuse of drugs or alcohol."  Me. Judicial Branch website/Courts/Drug Treatment Courts/Family Treatment Drug Court (last visited Dec. 18, 2017).

Erik T. Crocker, Esq., Farrell, Rosenblatt & Russell, Bangor, for appellant Mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket number PC-2016-30
FOR CLERK REFERENCE ONLY